

**IT IS ORDERED as set forth below:**

**Date: July 30, 2025**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| AMBER BUNCH, | CASE NO. 24-62478-PWB |
| Debtor. | |
| | CHAPTER 7 |
| NIKKI ROBERTSON, | |
| Plaintiff, | |
| | ADVERSARY PROCEEDING |
| v. | NO. 25-5043-PWB |
| AMBER BUNCH, | |
| Defendants. | |

<u>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT</u>

This case sadly arises from an attorney-client relationship gone terribly wrong. The Plaintiff retained the Defendant, at one time a member of the State Bar of Georgia, to represent her in a personal injury matter. Though the matter settled, the Defendant failed to account for and disburse the funds she held in trust for the Plaintiff. The Plaintiff ultimately retained another attorney, sued the Defendant, and obtained a judgment against her arising from her breach of her fiduciary duties to the Plaintiff. The Plaintiff now seeks a determination that this debt is excepted from discharge. For the reasons stated herein, the Plaintiff's motion for default judgment is granted, but for a different legal basis than asserted in her complaint.[1]

The Plaintiff alleges that the Defendant represented her in a personal injury matter and received $100,000 in settlement proceeds which she placed in her IOLTA account on April 16, 2018. [Doc. 1, ¶¶ 6-7]. The Plaintiff alleges from the proceeds the Defendant paid a chiropractor bill of $4,030 and took a 25% contingency fee representing her attorney fee, but failed to pay all the proceeds from the settlement to her. [Doc. 1, ¶¶ 8-10].

The Plaintiff asserts that she discharged the Defendant and sued her in the State Court of Fulton County, Georgia for breach of her fiduciary duties, attorney fees, and punitive damages. [Doc. 1, ¶¶ 11-12. Exh. 1].[2]

---

[1] This is a core proceeding, *see* 28 U.S.C. 157(b)(I), over which this Court has subject matter jurisdiction, see 28 U.S.C. §§ 157(a), 1334.

[2] The Plaintiff has attached a copy of her state court complaint, *Robertson v. Amber Bunch and Bunch Legal Group, P.C.*, Civil Action No. 21EV001855, filed in the

2

After the Defendant failed to respond to the state court complaint, the State Court entered a default as to the Defendant's liability and conducted an evidentiary hearing on damages on October 19, 2021. [Doc, 1, Exh. 2 (the "State Court Order") at 1].[3]  The State Court entered an Order awarding compensatory damages of $28,000.00 (the equivalent of the fee the Defendant was entitled to after payment of a chiropractor's bill and administrative expenses);  punitive damages of $100,000 for the Defendant's "intentional wrongdoing;" and attorney fees of $51,200.00. [Doc. 1, Exh. 2 at 2-3].

In making its award, the State Court specifically found that the Defendant "removed Plaintiff's funds from her IOLTA for personal use"  and that the Defendant, in records provided by the State Bar of Georgia, admitted facts showing that she was "'out of trust' as early as June 29, 2018, and her IOLTA balance went as low as $320.19 (May 29, 2020) while Plaintiff's money should have been in the account." [Doc. 1, Exh. 2, ¶ 6]. Some 31 months after receiving the settlement funds, after repeated requests by the Plaintiff's new counsel to disburse the funds, and after providing postal "tracking numbers" for packages that allegedly contained the funds but which were never sent, the Defendant sent payment to the Plaintiff of $66,749.36, an amount that still did not represent the full amount to which the Plaintiff was entitled. [Doc. 1, Exh. 2, ¶ 5].  In addition, in awarding compensatory damages, the

---

State Court of Fulton County, Georgia on March 29, 2021 as Exhibit 1 to her Complaint.

[3] The Plaintiff has attached a copy of the Order entered by the Fulton County State Court in *Robertson v. Amber Bunch and Bunch Legal Group, P.C.*, Civil Action No. 21EV001855 on February 15, 2022 as Exhibit 2 to her Complaint.

State Court wrote, "An attorney who acts unethically and breaches fiduciary obligations owed to her client forfeits the right to any compensation." [Doc. 1, Exh. 2 at 3, ¶ A].

The Defendant has failed to respond to the Complaint and, therefore, the facts alleged are deemed uncontroverted.

The one wrinkle in this proceeding is that the Plaintiff contends that the debt owed to her is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6) as a debt for "willful or malicious injury." While it is possible that that provision could be applicable, the more appropriate provision for nondischargeability of the debt is § 523(a)(4).

Section 523(a)(4) excepts from discharge a debt for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." In order for a plaintiff to prevail on a defalcation while acting in a fiduciary capacity claim, the plaintiff must show: (1) that the debtor held a fiduciary position with respect to the creditor under a technical, express or statutory trust; (2) that the claim arose while the debtor was acting as a fiduciary; and (3) that the claim is for fraud or defalcation. *E.g. Caitlin Energy, Inc. v. Rachel (In re Rachel)*, 527 B.R. 529, 540 (Bankr. N.D.Ga. 2015).

"A relationship that gives rise to a fiduciary duty exists either when a party exercises a controlling influence over the will, conduct, and interest of another or when, from a similar relationship of mutual confidence, the law requires the utmost good faith." *PNC Fin. Servs. Grp., Inc. v. Gibson*, 371 Ga. App. 660, 666, 901 S.E.2d 331, 338 (2024), *cert. denied* (Oct. 15, 2024). The Rules of Professional Conduct that

4

govern the practice of law in Georgia recognize that an attorney who holds settlement funds in trust for a client is a fiduciary with respect to the client's funds.[4] Moreover, the required account for such funds, an IOLTA account, is a "trust" account. In other words, settlement funds designated for a client but held by an attorney in her trust account satisfies the requirement that that the debtor held a fiduciary position with respect to the creditor under a technical, express or statutory trust.

"Defalcation" for purposes of § 523(a)(4) requires a culpable state of mind that involves knowledge of or gross recklessness with respect to improper fiduciary behavior. *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 269 (2013). This Court has held that *Bullock's* culpable state of mind requires a determination that either (1) a debtor acted with knowledge of improper fiduciary behavior or (2) that the risks were so obvious that she must have recognized them yet went forward, acting in such a way that her conduct constituted a gross deviation from standards of conduct expected in

---

[4] Ga. Rule of Prof. Conduct 1.15(I)(a) ("A lawyer shall hold funds or other property of clients or third persons that are in a lawyer's possession in connection with a representation separate from the lawyer's own funds or other property."); Ga. Rule of Prof. Conduct 1.15(I)(c) ("Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property."); Ga. Rule of Prof. Conduct 1.15 II(a) ("Every lawyer who practices law in Georgia . . . and who receives money or property on behalf of a client or in any other fiduciary capacity, shall maintain or have available one or more trust accounts as required by these rules. All funds held by a lawyer for a client and all funds held by a lawyer in any other fiduciary capacity shall be deposited in and administered from a trust account."); Ga. Rule of Prof. Conduct 1.15(I), *cmt*. 1("A lawyer should hold property of others with the care required of a professional fiduciary.").

her fiduciary role. *Georgia Lottery Corp. v. Huynh* (*In re Huynh)*, 549 B.R. 421, 426 (Bankr. N.D. Ga. 2016).

In this case, the Plaintiff's allegations and the State Court Order show that all elements of § 523(a)(4) are satisfied.

The Defendant, an attorney at the time but since disbarred,[5] represented the Plaintiff in a personal injury matter. The Defendant deposited settlement funds in her IOLTA account. The Defendant did not remit the settlement funds to the Plaintiff that were held in trust for her during the attorney-client relationship. As an attorney the Defendant was bound by Georgia's Rules of Professional Conduct and, therefore, was aware of her professional fiduciary obligations owed to the Plaintiff regarding her funds and by the terms of her IOLTA account. Finally, the compensatory damages recovered by the Plaintiff were for the Defendant's breach of her fiduciary duty to the Plaintiff.

The punitive damages and attorney fees that make up a substantial part of the Plaintiff's judgment against the Defendant also are nondischargeable under § 523(a)(4).

In order to establish nondischargeability under § 523(a)(4), a plaintiff must show that the claim arose while the debtor was acting as a fiduciary. The compensatory damages for the forfeiture of attorney fees and unrecovered settlement funds clearly are a claim that arose while the Defendant was acting in a fiduciary

---

[5] On August 9, 2022, the Georgia Supreme Court accepted the Debtor's voluntary surrender of her license to practice law, an action that is "tantamount to disbarment." *In re Amber Holly Bunch*, 314 Ga. 423, 425, 877 S.E.2d 274, 275 (Aug. 9, 2022).

capacity. And while the award of punitive damages and attorney fees to the Plaintiff occurred long after the actual breach of the Defendant's fiduciary duty to her they are excepted from discharge as well based upon the broad definitions of "debt" and "claim" in the Bankruptcy Code.

The Bankruptcy Code defines "debt" as a "liability on a claim." 11 U.S.C. § 101(12). A "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." 11 U.S.C. § 101(5)(A). A "right to payment" is "nothing more nor less than an enforceable obligation." *Johnson v. Home State Bank,* 501 U.S. 78, 83 (1991) (quotations omitted).

The Supreme Court has expressly held in the context of § 523(a)(2) that "'any debt ... for money, property, services, or ... credit, to the extent obtained by' fraud encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor." *Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998*); In re St. Laurent*, 991 F.2d 672, 680 (11th Cir. 1993), *as corrected on reh'g* (June 22, 1993) ("Given its 'broadest possible definition,' the term 'debt' encompasses an award for punitive damages arising from the same conduct as necessitated an award of compensatory damages" under § 523(a)(2)(A).).

The result is no different for purposes of § 523(a)(4). As a result, the entire debt as encompassed in the State Court judgment for compensatory damages, punitive damages, and attorney fees is nondischargeable.

7

Finally, the Plaintiff's claim for nondischargeability under § 523(a)(6) rather than § 523(a)(4) is not fatal to her claim. Neither Rule 8 of the Federal Rules of Civil Procedure nor Rule 7008 of the Federal Rules of Bankruptcy Procedure explicitly require a plaintiff to identify the particular subsection of § 523(a) she contends is applicable. Instead, Rule 8(a)(2) and (3) require a "short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for the relief sought, which may include relief in the alternative or different types of relief."

Here the facts alleged by the Plaintiff put the Defendant on adequate notice that the debt was subject to nondischargeability. She failed to contest any of the factual allegations of the complaint. And if the Defendant had chosen to contest any procedural weakness in the Plaintiff's complaint regarding the particular subsection of § 523(a) the Plaintiff contended was applicable, this Court would freely give leave to amend the complaint to specify the subsection to match the facts pled. But as stated above, this is unnecessary given the specific facts alleged that support a § 523(a)(4) claim that remain uncontested.

Based on the foregoing, the Court concludes that the debt owed by the Defendant to the Plaintiff is excepted from discharge. It is

ORDERED that the Plaintiff's motion for default judgment is granted. A separate judgment shall be entered contemporaneously herewith.

**END OF ORDER**

**Distribution List**

John C Rogers
155 Beverly Road
Atlanta, GA 30309

Amber Bunch
28 Stillman Street SE
Atlanta, GA 30315